# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 10-3396

CHICAGO TEACHERS UNION, LOCAL NO. 1,
AMERICAN FEDERATION OF TEACHERS,

*Plaintiff-Appellee,*

*v.*

BOARD OF EDUCATION OF THE CITY OF CHICAGO, *et al.*,

*Defendants-Appellants.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:10-cv-04852—**David H. Coar,** *Judge.*

SUBMITTED FOR REHEARING APRIL 27, 2011—
DECIDED JUNE 13, 2011

Before MANION and WILLIAMS, *Circuit Judges*, and
CLEVERT, *District Judge.**

---

* The Honorable Charles N. Clevert, Jr., Chief Judge of the
United States District Court for the Eastern District of Wis-
consin, sitting by designation.

PER CURIAM.    Plaintiff Chicago Teachers Union ("Union") brought this suit against the Chicago Board of Education ("Board") to require the Board to give tenured teachers who were laid off during the summer of 2010 but were not rehired consideration for vacant positions and preference over new hires. The Union claimed that tenured teachers have "permanent" appointments under Illinois law, and may be laid off only with recall rights. It is the Union's position that those rights give rise to a federal property interest protected by the Due Process Clause of the Fourteenth Amendment.

The Union sought an injunction, which the district court granted. The Board appealed and we affirmed, with Judge Manion dissenting. Upon review after the filing of the Board's "petition for rehearing and petition for rehearing en banc," we grant the petition for rehearing, vacate our opinion, and certify three questions to the Supreme Court of Illinois.

I.

Facing significant budget deficits on the eve of the 2010-2011 school year, the Board laid off nearly 1,300 teachers over the summer. Due to an increase in federal funding in August 2010, the Board recalled about a half of those teachers. Since the layoff ended, teaching vacancies have become available within the Chicago Public School System. The laid-off teachers who were not rehired complain that many of those positions have been filled with new hires instead of with laid-off tenured teachers.

The Union brought this suit in the United States District Court for the Northern District of Illinois against the Board seeking to enjoin the dismissals of the tenured teachers without any further employment rights, including a right to recall. The Union argued that under section 34-84 of the Illinois School Code, 105 ILCS 5/34-84, tenured teachers have "permanent" appointments, and can only be laid off with recall rights, as contemplated by section 5/34-18(31) of the code, 105 ILCS 5/34-18(31). The Union further contended that the teachers' rights to permanent appointments and to recall under state law give rise to a federally protected property interest, and that the Board deprived the teachers of due process when it failed to give them a meaningful opportunity to demonstrate that they were qualified for openings within the Chicago Public School System.

The district court held a hearing on the merits of the permanent injunction, and found that section 5/34-18(31) gave rise to a federal property interest protected by due process. On September 15, 2010, the court entered a permanent injunction: (1) ordering the Board to rescind the discharges of tenured teachers; (2) directing the Board to promulgate a set of recall rules compliant with section 5/34-18(31) within 30 days; and (3) enjoining the Board from conducting similar unlawful discharges in a similar manner until recall rules were promulgated. The Board appealed. This court considered the appeal on an expedited basis.

On March 29, 2011, a divided panel of this court affirmed. We concluded that the limits on the Board's

discretion found in section 34-18(31), which empower the Board to create regulations for layoff and recall, along with the teachers' "permanent" appointments under section 34-84, gave rise to a legitimate expectation that laid-off teachers would be considered for new vacancies for a reasonable period of time. *Chicago Teachers Union v. Bd. of Educ. of Chi.*, ___ F.3d ___, 2011 WL 1126037, *3-7 (7th Cir. Mar. 29, 2011). Our decision has important implications for tenured teachers, for the Chicago Public School System, and ultimately for the state.

We began our analysis by acknowledging that federal property interests are "created" and their "dimensions are defined" by state law. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546-47 (1985); *see also Town of Castle Rock v. Gonzalez*, 545 U.S. 748, 771 (2005) ("federal process protects the property created by state law") (Souter, J., concurring). We read Illinois law to afford laid-off tenured teachers a right to continued employment which, in turn, entitled them to a meaningful opportunity to be considered for new openings. However, no Illinois court has considered whether tenured teachers have a right to be recalled in the event of a good faith economic layoff. We discussed *Land v. Board of Education of Chicago*, 781 N.E.2d 249 (Ill. 2002), which held that the Board retained the authority to lay off teachers after the amendment of section 34-84 and the addition of section 34-18(31) to the Illinois School Code in 1995, but concluded that *Land* did not offer much guidance because that case held only that teachers could not hold on to their positions indefinitely by virtue of being tenured.

*See Land*, 781 N.E.2d at 256. *Land* did not decide whether tenured teachers have recall rights following a layoff. *See id.*

Having found that Illinois law gave rise to a protected property interest under federal law, we then held that the teachers were entitled to a procedure, pursuant to the Due Process clause, to protect that right. We held that the Board had to give the teachers a meaningful opportunity to demonstrate that they are qualified for new vacancies as they arise for a reasonable period of time.[1] Recognizing that the district court lacked the institutional competence to define the contours of those procedures, we affirmed the district court's grant of an injunction requiring the Board to enact, under section 34-18(31), rules for recall.[2]

In dissent, Judge Manion believed that the teachers' claim was to a process and not a substantive entitle-

---

[1] We also noted that although the Union claimed that the teachers were entitled to preference over new hires, the availability of a post-termination procedure by which the teachers can show that they are qualified for vacancies was all that was necessary to satisfy due process.

[2] We also directed the district court to modify its injunction to the extent that the injunction ordered the Board to consult with the Union because section 34-18(31) does not require the Board to consult with the Union in enacting the regulations. Further, we noted that rescinding the discharges only allows the teachers to take advantage of the opportunity to show their qualifications for new vacancies, but that their "laid-off" status does not implicate past or future payments or benefits.

ment—that is, a claim to mere recall procedures and not a claim to be rehired after an economic layoff. Regardless of how the teachers' claim is characterized, he asserted that Illinois state law did not give tenured teachers such a right. In brief, he had three principal points of disagreement with the court's analysis of Illinois law. One, the teachers' tenure rights are limited to what the legislature has enacted and what the Union has negotiated through contract. Two, section 34-18(31) is a general enabling statute giving the Board the right to make recall procedures. The statute focuses on performance based criteria; it does not bestow upon tenured teachers any right to recall procedures; and although empowered to do so, the Board did not create recall procedures. Three, nothing in Illinois case law provides that the concept of "tenure" furnishes unenumerated rights for teachers beyond their time of employment. Thus, after an economic layoff the teachers do not have any such rights under Illinois law.

## II.

On April 12, 2011, the Board requested a panel rehearing or, in the alternative, a rehearing en banc. In its petition, the Board claimed that the panel erred in its interpretation of Illinois law. At this juncture, we believe that affording the Supreme Court of Illinois an opportunity to interpret the application of Illinois law would be the best course of action. Notably, in this case, the district court issued an injunction. The federal injunction means that there will be no opportunity for a state court to correct our interpretation of state law if

it is erroneous, even though the issue is one of substantial and ongoing importance. We therefore grant the petition for rehearing, vacate our opinion issued on March 29, 2011, and respectfully certify the following questions to the Illinois Supreme Court:

> 1. Section 34-84 of the Illinois School Code provides that appointments of teachers become "permanent" after 3 years. This is commonly referred to as tenure. Does section 34-84 give laid-off tenured teachers either (1) the right to be rehired after an economic layoff, or (2) the right to certain procedures during the rehiring process? If so, what is the scope of that right?

> 2. Section 34-18(31) of the Illinois School Code empowers the Board of Education to promulgate rules governing layoff and recalls. It also provides certain criteria that the Board should consider when formulating those rules. In this case, no rules were formulated. Does section 34-18(31) or the limits it places on the Board's discretion give laid-off tenured teachers either (1) the right to be rehired after an economic layoff, or (2) the right to certain procedures during the rehiring process? If so, what is the scope of that right?

> 3. If neither section 34-84 nor section 34-18(31) standing alone gives laid-off tenured teachers substantive or procedural rights related to rehiring, when read in combination do they give those teachers either (1) the right to be rehired

after an economic layoff, or (2) the right to certain
procedures during the rehiring process? If so,
what is the scope of that right?

We invite reformulation of any of the questions presented if necessary, and nothing in this certification should be read to limit the scope of the inquiry to be undertaken by the Supreme Court of Illinois. Further proceedings in this court are stayed while this matter is under consideration by the Supreme Court of Illinois.

QUESTIONS CERTIFIED.